IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00337-CR

 

Danny Eugene Daniels,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2008-182-C2

 



Opinion



 








            A jury convicted Danny
Eugene Daniels of murder and assessed his punishment at life imprisonment and a
$10,000 fine.  Daniels contends in his sole issue that the court erred by
refusing to charge the jury on the lesser-included offense of deadly conduct. 
We will affirm.

            The indictment charged
Daniels with intentionally or knowingly causing the death of Michael Evans “by
shooting him with a firearm” or alternatively by committing an act clearly
dangerous to human life (with intent to cause serious bodily injury) that
caused Evans’s death by shooting him with a firearm.  According to the
testimony, Daniels was engaged in selling illegal narcotics on the occasion in
question.  When Evans drove up in his truck, Daniels believed him to be the
person who had taken some drugs without paying earlier in the day.  Daniels ran
up and reached inside the driver’s side window trying to get his money.  As
Evans resisted, Daniels pulled out a handgun and shot through the open window. 
Evans drove away, and Daniels fired a second shot at the truck.  Evans died moments
later from a gunshot wound.

            The trial court denied
Daniels’s request for submission of an instruction in the charge on the
lesser-included offense of deadly conduct.  The State contends that Daniels did
not preserve error because he did not explain the “underlying rationale” for
his request.  See Pena v. State, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009).  As the Court of Criminal Appeals explained in Pena, an
appellate court must “consider the context in which the complaint was made and
the parties’ shared understanding at that time” when evaluating whether the
complaint was preserved.  Id. at 464.

            Pena involved the
question of whether the Texas Constitution’s Due Course of Law provision
provides a greater level of protection than the federal Due Process Clause.  Id. at 461.  The record in that case demonstrated that the trial court and the
prosecution both understood the defendant’s complaint to be based on the “well
established federal standard,” and the defendant “never disabused the judge of
this notion.”  Id. at 464.  Because this was the shared understanding
and because the defendant failed to argue that the Texas Constitution provides
a greater level of protection than the federal constitution, the Court held
that he had failed to preserve this novel constitutional issue for appellate
review.  Id.

            Daniels’s case is
different.  The most important distinction is that the present case does not
involve a novel constitutional issue.  Daniels requested a lesser-included
instruction, and that request was promptly denied without elaboration.  In Pena,
however, the trial judge and the attorneys engaged in a discussion about the
appropriate constitutional standard for lost or destroyed evidence as
established by federal caselaw.  Id. at 461-62.  The judge explained
that he was relying on these cases in making his ruling and invited the
attorneys to add “any comment” they may have on the issue.  Id. at 461. 
In response, the defendant urged his objection under the Texas Constitution but
did not argue that it provided any greater protection than the federal
constitution.  Id.  Because he did not argue in the trial court that the
state constitution provided greater protection, the Court of Criminal Appeals
concluded that he had failed to preserve for appellate review his complaint
that the state constitution provided greater protection.  Id. at 464.

            Because Daniels requested
the instruction, because his complaint does not involve a novel constitutional
issue, and because neither the trial court nor the prosecution appears to have
misapprehended “the underlying rationale” for the request, we hold that he
preserved this complaint for appellate review.  Cf. id.

            In determining whether the
appellant is entitled to a charge on a lesser-included offense, we must
consider all of the evidence introduced at trial, whether produced by the State
or the defendant.  This Court uses a two-pronged test in its review.  First,
the lesser-included offense must be included within the proof necessary to
establish the offense charged; second, there must be some evidence in the
record that if the defendant is guilty, he is guilty only of the
lesser-included offense.  The credibility of the evidence and whether it
conflicts with other evidence or is controverted may not be considered in
determining whether an instruction on a lesser-included offense should be
given.

 

Young v. State, 283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009) (footnotes omitted).

            Here, the first prong is
satisfied because deadly conduct is a lesser-included offense of murder as
charged in the indictment.  Ortiz v. State, 144 S.W.3d 225, 232-34 (Tex.
App.—Houston [14th Dist.] 2004, pet. ref’d).

            Regarding the second prong, Daniels
relies on Ortiz in which the defendant told the police that he fired his
pistol into the air two times.  See id. at 234.  The Fourteenth Court
held that a rational jury could conclude from this statement that he “did not
intend to commit serious bodily injury, but due to his poor aim or the falling
trajectory of a bullet fired a block or more away, the victim was nevertheless
fatally injured.”  Id.  Thus, the court concluded that the trial court
did not err by charging the jury on deadly conduct as a lesser-included offense
of murder.  Id.

            The State relies on Jackson
v. State, 992 S.W.2d 469 (Tex. Crim. App. 1999), in which the Court of
Criminal Appeals considered whether a jury should have been charged on
aggravated assault as a lesser-included offense of capital murder.  The Court
concluded that no such charge was warranted.  Id. at 475.  The Court
stated:

            A murder defendant is not
entitled to an instruction on the lesser included offense of aggravated assault
when the evidence showed him, at the least, to be guilty of a homicide.

 

            Since there was no evidence
from which a rational jury could conclude that appellant did other than cause
the death of the victim, the only lesser included offense that was raised by
the evidence of recklessness was manslaughter.

 

Id. (citation omitted).

            The holding in Jackson would seem to dictate the result in Daniels’s case.  However, the Court of
Criminal Appeals has not been entirely consistent in following this rationale
in more recent cases.  For example, in Guzman v. State, 188 S.W.3d 185
(Tex. Crim. App. 2006), the Court stated, “While deadly conduct is generally
aimed at capturing conduct that falls short of harming another, we cannot say
that all shootings resulting in death or injury are inevitably and necessarily
beyond the scope of the offense of deadly conduct.”  Id. at 191 n.11.  “Certainly
there is nothing in the statute which expressly or even implicitly limits
prosecution (or conviction) for the offense of deadly conduct to only that
conduct which threatens, but fails, to cause injury to another.”  Id.

            The Fourteenth Court of
Appeals has reached a similar conclusion.

[A] person satisfies the elements of
deadly conduct even if he knowingly discharges a firearm directly at an
individual.  Whether the shot is fired point blank into the victim is
irrelevant.  Whether the victim is hit, injured, or killed is of no moment. 
Whether the defendant could, and perhaps should be prosecuted for murder, is
unimportant—the elements of deadly conduct are satisfied.  Accordingly, we are
not persuaded that a jury acts irrationally if it convicts a defendant of
deadly conduct where the evidence shows the victim has died.

 

Ortiz, 144 S.W.3d at 234 n.9.

            In her concurring opinion in
Guzman, Presiding Judge Keller expressed her preference for a more
bright-line rule.  “I would hold that, when a defendant is charged with
committing an act that causes bodily injury—e.g., aggravated assault—the
second prong of the lesser included offense test is never met when the evidence
that the victim was injured is undisputed.”  Id. at 198 (Keller, P.J.,
concurring).

            More recently, however, the
Court has stated that a defendant does not satisfy the second prong of the test
for a lesser-included offense “if there is evidence that he committed an
offense that is a lesser-included of the charged offense but greater than the
requested lesser-included offense.”  Flores v. State, 245 S.W.3d 432,
439 (Tex. Crim. App. 2008) (citing Jackson, 992 S.W.2d at 474-75; Thomas
v. State, 699 S.W.2d 845, 845-52 (Tex. Crim. App. 1985)).  Thus, “a
defendant is not entitled to a jury instruction on a lesser-included offense if
the evidence on which the defendant is relying raises another offense that ‘lies
between’ the requested and charged offenses.”  Id. (quoting Jackson,
992 S.W.2d at 475).

            Here, Daniels suggests that
“[a] rational jury could conclude that Appellant did not intend to commit
serious bodily injury, but due to his poor aim, the victim was nevertheless
fatally injured.”  This argument, at best, would raise the lesser-included
offense of manslaughter or perhaps criminally negligent homicide.  See Jackson, 992 S.W.2d at 475; see also Flores, 245 S.W.3d at 439.  Therefore, a
rational juror could not have found that, if Daniels was guilty, he was guilty
only of deadly conduct.  See Jackson, 992 S.W.2d at 475; see also
Armstrong v. State, 179 S.W.3d 84, 87 (Tex. App.—Fort Worth 2005, no pet.);
Harris v. State, 152 S.W.3d 786, 796 (Tex. App.—Houston [1st Dist.] 2004,
pet. ref’d); Dale v. State, 90 S.W.3d 826, 833 (Tex. App.—San Antonio 2002,
pet. ref’d).

We overrule Daniels’s sole issue and
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed January 6, 2010

Publish

[CRPM]

 

*           (The
Court’s effort to limit the scope of the error preservation requirements
discussed by the Court of Criminal Appeals in Pena v. State, 285 S.W.3d 459
(Tex. Crim. App. 2009), is not necessary and I find the analysis unpersuasive. 
The problem this case highlights, especially when combined with the unnecessary
discussion of Pena, is that to adequately preserve some errors,
particularly charge errors, trial counsel may need to put otherwise informal
comments and discussion on the record.  In this instance counsel’s “objection”
on the record was:  “We would request, as we requested yesterday in the
informal conference, Your Honor, an inclusion of the offense of deadly conduct
as a lesser included.”  To which the trial court responded: “That objection is
overruled or that request is.”  But this case is nothing other than a
straightforward request for the inclusion of a lesser included charge of deadly
conduct.  Daniels’s argument on appeal is that the testimony of Roosevelt
Young, an eye witness, could be construed as evidence that Daniels did not intend
serious bodily harm, and certainly not death.  This argument depends on certain
inconsistencies in Roosevelt Young’s testimony and the physical evidence. 
Specifically the description by Roosevelt about which of allegedly two shots
fired hit the truck and which shot killed Michael Evans.  Young’s testimony
leaves no doubt that it was a shot fired at point blank range, as Evans was
pushing Daniels out of the truck window through which he had reached to take
Evans’s money after an argument started over payment for drugs previously
delivered, that killed Evans.  The physical evidence shows a bullet penetrated
the truck cab just behind and below the driver’s shoulder and is consistent
with the entry point of the bullet that killed Evans.  The resolution of this
potential conflict in the evidence is immaterial to the analysis of whether
Daniels was entitled to the lesser included instruction.  Neither
interpretation of the evidence supports Daniels argument that he did not intend
serious bodily injury and therefore does not support the submission of a lesser
included instruction.  Thus I concur in the judgment of this Court which
affirms the trial court’s judgment but do not join the Court’s opinion.  I do,
however, specifically disagree with the dicta in the Court’s opinion that seeks
to limit the preservation analysis of Pena to “novel constitutional
issues.”)